IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| JESUS PEREZ, on Behalf of Himself and All Others Similarly-Situated,<br><br>        Plaintiff,<br><br>vs.<br><br>BARRIER COMPLIANCE SERVICES, LLC<br><br>    Serve: Northwest Registered Agent LLC<br>           212 N. 2nd Street, Ste 100<br>           Richmond, KY 40475<br><br>        Defendant. | Civil Action No.   1:19-cv-61-GNS<br><br>**COMPLAINT FOR COLLECTIVE ACTION**<br><br>*Electronically Filed*<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

Comes Plaintiff Jesus "Jesse" Perez, on behalf of himself and all others similarly situated (hereinafter collectively referred to as "Plaintiff"), and for this proposed collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") for failure to pay all wages, overtime, and/or travel time for employees, against Defendant, Barrier Compliance Services, LLC (hereinafter "Defendant"), states as follows:

## PARTIES

1.  Plaintiff, Jesus "Jesse" Perez, is a resident of Campbellsville, Taylor County, Kentucky. Plaintiff was formerly an employee of Defendant from March 2, 2017 until his termination on March 27, 2019.

2.  Plaintiff brings this action on behalf of himself and all other similarly-situated current and former employees of Defendant who: (A) were employed in a non-exempt position and generally categorized as "field employees" and "field leaders", including but not limited to damper repairmen, damper inspectors, damper installers, door repairmen, door inspectors, door

installers, barrier repairmen, barrier inspectors, and barrier installers; (B) were employed at any time within three (3) years of the filing of this action (*i.e.* from May 20, 2016 through May 20, 2019); (C) have not been fully compensated by Defendant for travel time incurred while employed; and/or (D) have not been fully compensated by Defendant for: (A) all overtime; (B) time; and/or (C) wages for work performed "off-the-clock", including "on-call time", "waiting time", and/or receiving or performing work-related calls "off-the-clock" (including on breaks and after scheduled hours).

3. Defendant, Barrier Compliance Services, LLC, is a company which performs inspections, assessments, construction and installation, design, assistance, and code compliance. While Defendant's principal place of business is located at 8245 Nieman Rd., Lenexa, Kansas 66214, Defendant employs repairmen and inspectors (generally categorized as "field employees" and "field leaders") throughout the country and, upon information and belief, has hundreds of employees.

4. At all times relevant to this Complaint, Defendant has regularly engaged in interstate commerce and was an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207. Defendant employed class-members which travelled to other states on their jobs and handled, used, and installed equipment and materials which had been moved through interstate commerce.

5. Defendant may be served with process by service on Northwest Registered Agent LLC, 212 N. 2nd Street, Ste 100, Richmond, KY 40475, which is Defendant's registered agent listed with the Commonwealth of Kentucky.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims of Plaintiff and those similarly-situated pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b).

7. Defendant has availed itself to this Court's jurisdiction by virtue of contracting with Plaintiff in the commonwealth of Kentucky – Plaintiff's home, where Plaintiff's paychecks are addressed, from where Plaintiff's employment was based, and where the injuries contemplated herein occurred.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Campbellsville, Taylor County, Kentucky.

## STATEMENT OF FACTS

**Named Plaintiff, Generally**

9. Plaintiff was employed by Defendant in various capacities throughout his employment, but most generally as: 1) a repairman, and 2) an inspector, which fall under the general category of a "field employee" and which reported directly to "field leaders" as elaborated upon below.

10. Plaintiff's employment was based out of his home located in Campbellsville, Taylor County, Kentucky, where Plaintiff would leave from to travel for a job assignment.

11. During the course of Plaintiff's employment, his work almost exclusively required travel to jobsites out of state in a manner defined in the FLSA to be "all in a day's work" (29 CFR § 785.38) ("Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday") and/or considered under the FLSA to be "away from home community" (29 CFR § 785.39) ("Travel that keeps an employee away from home overnight

… [and] cuts across the employee's workday.") all for the benefit of Defendant and without appropriate compensation. A work assignment to a job site would typically last days to weeks.

12. Plaintiff was issued a company cell phone for the benefit of Defendant in order for Plaintiff to be available, which consequently often required Plaintiff to incur uncompensated work time for on-call time, waiting time, and/or receiving or performing work-related calls off-the-clock, all for the benefit of Defendant and without appropriate compensation.

**Job Descriptions of Class**

13. "Field employees", as referred to in the Company Handbook, generally include but are not limited to repairmen, inspectors, and installers for dampers, doors, and barriers. (**Exhibit 1 – Defendant's Employee Handbook, at P. 29**).

14. Field employee positions required travel to jobsites throughout the United States and the issuance of a company cell phone, which consequently required availability via the company cell phone. (**Id.**) This resulted in uncompensated on-call time, waiting time, and/or work off-the-clock.

15. "Field leaders", as referred to in the Company Handbook, generally include but are not limited to those with supervisory or managerial duties over repairmen, inspectors, and installers for dampers, doors, and barriers. (**Id.**).

16. Field leader positions required travel to jobsites throughout the United States and the issuance of a company cell phone, which consequently required availability via the company cell phone. (**Id.**). This resulted in uncompensated on-call time, waiting time, and/or work off-the-clock.

17. A repairman's duties consist generally of repairs to dampers, doors, or barriers as is required by applicable code.

18. An inspector's duties consist generally of inspections of dampers, doors, or barriers as is required by applicable code.

19. An installer's duties consist generally of installation of dampers, doors, or barriers as is required by applicable code.

20. Plaintiff, like many members of the proposed class, held one or more of the titles and duties of repairmen, inspectors, and installers.

**Defendant Failed to Pay Wages and/or Overtime to Proposed Class-Members for Waiting Time, On-Call Time, and for Calls or Work Performed Off-the-Clock**

21. Plaintiff was scheduled for 48 hours per week, though Defendant, through policy or procedure, consistently required Plaintiff to work in excess of that amount. (**Exhibit 2 – 12/5/18 Email**, **at P. 3**). Upon information and belief, Defendant required members of the proposed class to work beyond scheduled hours.

22. In issuing Plaintiff a company cell phone, Defendant expected Plaintiff to be on-call or make work-related calls while off-the-clock. Upon information and belief, Defendant required members of the proposed class to be on-call or make work-related calls while off-the-clock.

23. Defendant maintained "Electronic Timecards" operated through the *ADP Mobile Solutions* "app" available on company-issued phones, which will reflect the hours logged by Plaintiff.

24. Defendant's policy as it pertained to use of the Electronic Timecards was/is:

> If you have been issued a company cell phone, you must clock in at the jobsite at the beginning of each day, using the ADP Mobile Solutions app. You do not need to clock out for lunch. The system will automatically deduct 30 minutes for your lunch if you work more than a 5 hour shift. You do not need to clock out for the authorized 15 minute breaks. You must clock out at the end of each shift, prior to leaving the jobsite. Clocking in and out as prescribed is a requirement of the job. As a matter of convenience, you may clock in up to 5 minutes before the scheduled

5

start time but you should not begin work until the actual scheduled start time. Occasional failure to clock in or out can be corrected emailing Timesheets@BarrierCompanies.com and your Supervisor. Excessive corrections (more than 3 per month) may result in corrective actions. (**Exhibit 1, at P. 25**).

25. Defendant's Cell Phone / Mobile Device Policy states, in pertinent part, that "Company provided phones are to be powered and connected during ALL working hours … If an employee forgets his phone or the phone is not fully charged, the employee may not begin work and is to be sent home for the day without pay." (**Id. at P. 29**). In effect, members of the proposed class remained on-call and received or performed work-related calls while off-the-clock..

26. Plaintiff frequently received work-related calls while off-the-clock from co-workers, managers, client staff, and other office employees, which required Plaintiff to perform work outside of scheduled hours for which Defendant did not compensate Plaintiff. Upon information and belief, it is common among the proposed class to receive calls while off-the-clock and not be compensated by Defendant.

27. As a specific example, Plaintiff was working on a project under his supervisor/leader, Ralph Carter. Plaintiff had received an off-the-clock call from co-worker Jake Roe, late in the evening, which awoke Plaintiff. During that call, Jake Roe required answers from Plaintiff regarding dampers and an unrelated project. Jake Roe then informed Plaintiff that Rick McCombs, another coworker, would also be calling Plaintiff for answers regarding a previous project. Plaintiff made a complaint about the incident the next day to a supervisor but nothing ever came of it.

28. As second example, while Plaintiff was working on a two-man project in New Orleans, while off-the-clock, he was contacted by office manager Tonda Edwards who instructed Plaintiff to track down a newly hired employee who was a no-call no-show after he had arrived in New Orleans. Upon information and belief Tonda Edwards was tracking the new hire's GPS

location from his company-issued cell phone and was directing Plaintiff on where to looking for the new hire. Plaintiff spent a considerable amount of time following Edwards' directions for which Plaintiff was not compensated.

29. As a third example, Plaintiff was directed by the inspection manager, Sean McClaran, to build the inspector training program for dampers and to do so while off-the-clock. When Plaintiff asked about being paid he was told that he would "see it on the back end". Plaintiff spent a considerable amount of time developing the program and was never compensated for his additional work.

30. Plaintiff has been engaged to wait (29 CFR § 785.16) and/or required to be on-call 29 CFR § 785.17) on numerous occasions while off-the-clock for which he was not compensated. Upon information and belief, other proposed class members have been engaged to wait (29 CFR § 785.16) and/or required to be on-call 29 CFR § 785.17) on numerous occasions while off-the-clock without compensation.

31. Plaintiff was reprimanded for attempting to turn in a time-log reflecting work done and calls made off-the-clock, in part. (**Exhibit 3 – Reprimand**). Upon information and belief, members of the proposed class have been disciplined or reprimanded for similar occurrences.

**Defendant Failed to Pay Travel Time to Class**

32. Plaintiff's Reprimand also evidences unpaid travel time as defined in the FLSA to be all in a day's work. (29 CFR § 785.38) **(Id.)**.

33. During the course of Plaintiff's employment, Plaintiff was primarily and almost exclusively assigned to jobsites which required travel out of state in a manner considered under the FLSA to be all in a day's work (29 CFR § 785.38) and/or considered under the FLSA to be away from his home community (29 CFR § 785.39), all for the benefit of Defendant and without

appropriate compensation. Upon information and belief, members of the proposed class were likewise primarily and almost exclusively assigned to jobsites which required travel out of state in a manner considered under the FLSA to be all in a day's work (29 CFR § 785.38) and/or considered under the FLSA to be away from his home community (29 CFR § 785.39), all for the benefit of Defendant and without appropriate compensation.

34. Defendant had an express policy of not paying said travel time to the proposed class. (**Exhibit 1, at P. 35**).

35. While Defendant's policy states that "[t]ravel time is not paid time, as the employee is not being required to work in another market", that was not how Defendant and the proposed class effectually operated – travel was required for every proposed class-member to nearly every jobsite. (**Id.**). Whether Plaintiff or members of the proposed class travelled during or after "normal working hours," they were not compensated for travel time.

36. As standard operating procedure, Defendant scheduled the travel arrangements for Plaintiff and, upon information and belief, for the proposed class.

37. Scheduling was often performed by either Nicole Wheeler and/or Katelynn Zuercher and was typically based on price, not hours of travel.

38. The travel arrangements scheduled and assigned by Defendant often occurred during "normal working hours" and often took up an entire workday, which is reflected in what is attached collectively as **Exhibit 4** – example email of Plaintiff's travel itinerary as assigned by Defendant. Despite travel occurring during "normal working hours", Plaintiff and members of the proposed class still were not paid for travel time.

39. As indicated at various points throughout Exhibit 4, appointments to travel to jobsites were called "assignments", further indicating that the nature of the travel was not optional – they were mandatory and scheduled.

40. The process for work assignments for Plaintiff and, upon information and belief the proposed class, was as follows: Defendant would contract with a client for Defendant to provide a certain number of field employees and field leaders on certain dates to perform repair, inspection, and/or installation work; Nicole Wheeler then instructed Plaintiff and proposed class-members of their next job assignment and provided the travel itinerary.

41. Defendant routinely denied requests from Plaintiff and members of the proposed class to travel at a certain time of day.

42. On one occasion, Plaintiff once attempted to turn down work at a jobsite in Atlanta because he was at a jobsite in New York, but was forced to go to Atlanta anyway. Plaintiff did not truly have the option to accept or deny work. Upon information and belief similar, members of the proposed class did not truly have the option to accept or deny work either.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and the following proposed class of similarly-situated employees:

> All current and former employees of Defendant who: (A) were employed in a non-exempt position and generally categorized as "field employees" and "field leaders", including but not limited to damper repairmen, damper inspectors, damper installers, door repairmen, door inspectors, door installers, barrier repairmen, barrier inspectors, and barrier installers; (B) were employed at any time within three (3) years of the filing of this action (*i.e.* from May 20, 2016 through May 20, 2019); (C) have not been fully compensated by Defendant for travel time incurred while employed; and/or (D) have not been fully compensated by Defendant for: (A) all overtime; (B) time; and/or (C) wages for work performed "off-the-clock", including "on-call time", "waiting time", and/or receiving or performing work-related calls "off-the-clock" (including on breaks and after scheduled hours).

44. Members of the proposed class have been subject to the unlawful practices alleged herein and, therefore, are similarly-situated to the named Plaintiff in this collective action. The proposed class-members work in similar jobs and are subject to similar pay practices and policies pertaining to non-compensation for travel and work performed off-the-clock.

45. The employment policies and practices of Defendant raise questions of fact common to the class including:

   a. Whether Defendant engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed class to perform work off-the-clock, including being on-call, waiting, and receiving or performing work-related calls, all for the benefit of Defendant and without appropriate compensation for wages and/or overtime in violation of the FLSA;

   b. Whether Defendant engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed class to travel as defined in the FLSA to be all in a day's work and/or considered under the FLSA to be away from the home community, all for the benefit of Defendant and without appropriate compensation, in violation of the FLSA;

   c. Whether the conduct of Defendant was willful;

   d. Whether Plaintiff and members of the proposed class are entitled to lost wages, overtime, liquidated damages, attorneys' fees and costs, and the other relief requested.

46. The claims of the named Plaintiff are similar to those of the proposed class-members in that Plaintiff has been subjected to the same conduct as members of the proposed class and Plaintiff's claims are based on the same legal theory as members of the proposed class.

47. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff's consent to join this action is attached hereto as **Exhibit 5**.

### CLAIM I – VIOLATION OF FLSA
### DEFENDANT FAILED TO PAY PLAINTIFF AND THOSE SIMILARLY-SITUATED FOR WORK PERFORMED OFF-THE-CLOCK

48. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

49. Defendant had a duty under the FLSA to pay Plaintiff, and those similarly situated, wages and/or overtime for all time worked, including that time spent on-call (29 CFR § 785.17), waiting (29 CFR § 785.16), and receiving or performing work-related calls off-the-clock all for the benefit of Defendant.

50. Defendant willfully breached that duty by failing to pay Plaintiff, and those similarly situated, wages and/or overtime for all time worked, including that time spent on-call, waiting, and receiving or performing work-related calls off-the-clock all for the benefit of Defendant.

51. Defendant's breach of that duty has caused damages to Plaintiff, and those similarly situated, including their lost wages and/or overtime, for which they should be awarded compensatory damages, liquidated damages, and attorneys' fees and other reasonable litigation expenses.

### CLAIM II – VIOLATION OF FLSA

### DEFENDANT FAILED TO PAY COMPENSABLE TRAVEL TIME TO PLAINTIFF AND THOSE SIMILARLY-SITUATED

52. Plaintiff hereby incorporates all preceding paragraphs as if fully restated herein.

53. Defendant had a duty under the FLSA to compensate Plaintiff, and those similarly situated, for all travel as defined in the FLSA to be all in a day's work (29 CFR § 785.38) and/or considered under the FLSA to be away from the home community (29 CFR § 785.39) all for the benefit of Defendant.

54. Defendant willfully breached that duty by failing to compensate Plaintiff, and those similarly situated, for all travel as defined in the FLSA to be all in a day's work and/or considered under the FLSA to be away from the home community all for the benefit of Defendant.

55. Defendant's breach of that duty has caused damages to Plaintiff, and those similarly situated, including their lost compensable travel time, for which they should be awarded compensatory damages, liquidated damages, and attorneys' fees and other reasonable litigation expenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendant before the Court;

B. Authorize Notice to issue to members of the proposed class and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA;

C. Empanel a jury for the trial of all issues of fact;

D. Enter a judgment awarding Plaintiff and similarly-situated persons joining this litigation damages from Defendant, including compensation for unpaid wages and/or overtime, interest, and liquidated or exemplary damages, in amounts to be proven at trial;

E. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

  F. Grant Plaintiff such other further and/or general relief, legal and/or equitable relief, to which Plaintiff is entitled or which the Court otherwise deems proper.

            */s/ Parker M. Wornall*
            Parker M. Wornall
            Courtney L. Graham
            Randall S. Strause
            STRAUSE LAW GROUP, PLLC
            804 Stone Creek Pkwy., Ste. One
            Louisville, KY 40223
            Telephone: (502) 426-1661
            Fax: (502) 426-6772
            Email: rstrause@strauselawgroup.com
            Compwornall@strauselawgroup.com
            cgraham@strauselawgroup.com
            *Counsel for Plaintiff*